UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIS STEPHENSON,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. EDCV 14-1250 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On June 26, 2014, plaintiff Janis Stephenson ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 2, 2014 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 26, 2005, plaintiff filed an application for Supplemental Security Income. (Administrative Record ("AR") 611). Plaintiff asserted that she became disabled on June 1, 1999 (which she subsequently amended to October 26, 2005), due to ankle and back problems, obesity, and anxiety. (AR 136, 401).

Plaintiff currently appeals an administrative decision (the third in the case) issued after this Court entered judgment reversing and remanding the case, and the Appeals Council, in turn, assigned a new Administrative Law Judge ("ALJ") to conduct further proceedings. (AR 10-20, 74-81, 401, 452-65). On remand, the ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on March 1, 2012. (AR 424-51).

On May 23, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 401-16). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: osteoarthritis of the ankles and great toes bilaterally, asthma, obesity, depression, general anxiety disorder, and posttraumatic stress disorder (PTSD) (AR 405); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 407); (3) plaintiff retained the residual functional capacity

///

///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

to perform light work (20 C.F.R. § 416.967(b)) with additional limitations[2] (AR 409); (4) plaintiff could not perform her past relevant work (AR 414); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically small parts assembler, production assembly, and hand packager (AR 415-16); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 412).

The Appeals Council denied plaintiff's application for review of the ALJ's May 23, 2012 decision. (AR 393).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial

///

---

[2]The ALJ determined that plaintiff (i) could sit, stand, and/or walk for six hours out of an eight hour workday, provided that she is permitted to alternate positions at 90 minute intervals for one to five minutes at the workstation; (ii) could occasionally kneel, stoop, crawl, crouch, and climb ramps and stairs; (iii) could not climb ladders, ropes, or scaffolds; (iv) has no restrictions in either fine or gross manipulation; (v) would be restricted from working around hazards such as unprotected heights and moving machinery; (vi) would need to avoid concentrated exposure to pulmonary irritants; (vii) could sustain attention, concentration, persistence, and pace in at least two hour blocks of time during an eight-hour workday; and (viii) would be able to respond and interact appropriately with supervisors, co-workers, and the public, but would need to work in an environment that would not cause her to be in direct contact with more than five people at any one time. (AR 409).

gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

///

v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed properly to consider the opinions of plaintiff's treating physician. (Plaintiff's Motion at 2-7). The Court disagrees.

### A. Pertinent Law

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation

marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citations and quotation marks omitted). An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. See id. (citation omitted).

A treating physician's opinion is not necessarily conclusive, however, as to a claimant's medical condition or disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject a treating physician's uncontroverted opinion by providing "clear and convincing reasons supported by substantial evidence in the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). Where a treating physician's opinion conflicts with another doctor's opinion, an ALJ may reject the treating opinion "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

### B. Analysis

Plaintiff contends that the ALJ improperly rejected the opinions expressed by Dr. Kurt Frauenpreis, plaintiff's treating physician, in (1) a February 1, 2008 letter – which essentially stated that plaintiff was "unable to work" due to her physical impairments; and (2) a July 22, 2011 "Medical Opinion Re: Ability to do Work-Related Activities (Physical)" form, which essentially stated that plaintiff had multiple, significant functional limitations that would prevent her from performing even sedentary work (collectively "Dr. Frauenpreis' Opinions"). (Plaintiff's Motion at 2-7) (citing AR 282, 878-80). A remand or reversal is not warranted on this basis.

///

First, as the ALJ noted, Dr. Frauenpreis provided almost all of his opinions in a check-the-box format. (AR 413, 878-80). Dr. Frauenpreis listed plaintiff's diagnoses, but did not explain the objective bases (*i.e.*, results of objective medical testing, clinical findings, or a physical examination) for his opinions that plaintiff had the noted significant physical limitations. (AR 413, 878-80). The ALJ properly rejected Dr. Frauenpreis' Opinions on this basis alone. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (citation omitted).

Second, the ALJ also properly rejected Dr. Frauenpreis' Opinions because they were not supported by the physician's own treatment notes or the record as a whole. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (citation omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003). As the ALJ noted, Dr. Frauenpreis' treatment records for plaintiff mostly documented routine check ups (with few/minor abnormalities on physical examination), blood pressure checks, medication management, sporadic complaints of pain, and unrelated medical issues. (AR 410, 413; see AR 249, 254, 274, 279, 283, 332, 355-56, 708, 715, 803, 875 [routine checkups]; AR 250-52, 255, 333, 869 [blood pressure checks]; AR 256, 334, 799, 800, 868, 874, 876 [medication management]; AR 275 [5/23/07 progress note – lower back pain]; AR 857 [2/4/11 progress note – "left knee pain x 2 mo"; no medication prescribed, patient to return as needed]; AR 851 [10/17/11 progress note – "neck pain x 3 weeks"]; AR 854 [pelvic pain]; AR 253, 331 [cough for three months]; AR 707, 855 [allergic reaction on hands/high fever]; AR 256, 257, 334 ["paperwork" and "consult on disability"]; AR 231 ["no show/no call"]).

In addition, while some medical records reflected that plaintiff had breathing problems, as the ALJ found, Dr. Frauenpreis generally found that plaintiff's asthma was mild or "well controlled," and that some more severe asthma symptoms were due to plaintiff's non-compliance with prescribed medication. (AR 410; see AR 284-85, 209, 326, 708, 855). Similarly, the ALJ

noted that in June 2007 plaintiff complained of bilateral ankle and foot pain and x-rays of plaintiff's feet and ankles revealed some osteoarthritis, but plaintiff apparently did not pursue the treatment recommended, and there are no significant complaints of ankle or foot pain documented in Dr. Frauenpreis' records after February 2008.  (AR 410).  As plaintiff correctly notes, on July 14, 2008 Dr. Frauenpreis found "mild swelling" in plaintiff's knee stemming from a right knee injury the previous day, and an x-ray report prepared on July 25, 2008 noted "moderate osteoarthritis" but "[n]o acute fracture or dislocation" in plaintiff's right knee.  (AR 709-10).  Nonetheless, plaintiff points to no functional limitation related to her 2008 knee injury that lasted for more than 12 months or was not already accounted for in the ALJ's very restrictive residual functional capacity assessment for plaintiff.  Ultimately, Dr. Frauenpreis' treatment records for plaintiff document very few, if any, specific physical limitations much less any objective findings on physical examination that would plausibly support the disabling functional limitations Dr. Frauenpreis found for plaintiff.

      Plaintiff argues that Dr. Frauenpreis' Opinions are supported by other medical evidence in the record – specifically, "clinical findings" from Dr. Philip Wirganowicz (the examining orthopaedic surgeon) and Dr. Nizar Salek (the examining internal medicine physician), and "diagnostic imaging study results." (Plaintiff's Motion at 4-6).  Plaintiff's argument, however, lacks merit.  For example, neither such examining physician opined that plaintiff could not work for any twelve-month period.  (AR 232-36, 754-60); see, e.g., Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Commissioner's decision, the Court emphasized:  "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled").  In addition, the opinions of Dr. Salek – which the ALJ adopted (AR 414) – were supported by the physician's independent examination of plaintiff (AR 756-58), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject

Dr. Frauenpreis' Opinions.  See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (citations omitted).  The Court will not second-guess the ALJ's reasonable interpretation of the medical evidence based on plaintiff's currently-asserted, lay opinion pieced together from raw imaging data and some of the same findings underlying the examining physicians' opinions.  Cf. Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (ALJ may not substitute his interpretation of laboratory reports for that of a physician); Winters v. Barnhart, 2003 WL 22384784, at *6 (N.D. Cal. Oct.15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert."); Orn, 495 F.3d at 633 ("When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not "substantial evidence.").

      Finally, the ALJ properly rejected Dr. Frauenpreis' finding in his February 1, 2008 letter that plaintiff "is unable to work" due to her physical impairments.  (AR 413, 282, 383).  Such a conclusory finding is not a "medical" opinion, and therefore is not binding on the Commissioner.  See 20 C.F.R. § 416.927(d)(1) (Administration not required to find claimant disabled based on medical source statement that claimant is "unable to work"); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) (treating physician's opinion not binding on ALJ with respect to "ultimate determination of disability") (citation omitted).

      Accordingly, a remand or reversal is not warranted on the asserted basis.

## V. CONCLUSION

      For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   December 18, 2014

                                            /s/
                                Honorable Jacqueline Chooljian
                                UNITED STATES MAGISTRATE JUDGE